IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-128-FL

| | |
|---|---|
| ANTHONY MARCELLE MCLEAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| RALEIGH POLICE DEPARTMENT, ) | |
| DETECTIVE BROWN, LT. BATTON, and ) | |
| OFFICER PERRIN, ) | |
| ) | |
| Defendants. | |

This matter is before the court for review of plaintiff's pro se complaint (DE 1) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly A. Swank, entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed (DE 19). Plaintiff filed objections to the M&R, and in this posture, the issues raised are ripe for ruling.

**BACKGROUND**

Plaintiff initiated this action February 2, 2024, with complaint and motion for leave to proceed in forma pauperis. The magistrate judge entered the M&R and allowed plaintiff's motion to proceed in forma pauperis August 8, 2024. Plaintiff had until August 26, 2024, to file written objections to the M&R. (DE 19 at 7).

Plaintiff filed motions for entry of default July 1, 2024, and August 9, 2024. (DE 18, 20). Additionally, plaintiff filed motion for extension of time to file objections to M&R August 26, 2024, and subsequently filed objections August 28, 2024. (DE 22, 23).

In order entered February 26, 2025, the court denied plaintiff's motions for entry of default as premature, allowed his motion for extension of time, and deemed timely filed his objections. (DE 24). The court also allowed plaintiff until March 24, 2025, to file a supplement to earlier filed objections. (Id.).

No supplementation was filed, and copy of the court's February 26, 2025, order sent by the clerk to plaintiff was returned as undeliverable with notation "No Longer here." (DE 25 at 1).[1] Inmate search via the North Carolina Department of Adult Correction lists "Anthony Marcelle McLean, Jr." serving an active sentence at the Pasquotank Correctional Institution.[2]

## DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b); see Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] Although his complaint lists the physical address of the Raleigh jail, mail was sent to the post office box designated as the return address for filings mailed to the clerk's office in matter. (See, e.g., Envelope (DE 1-1) at 1).

[2] Pursuant to the local rules, "unrepresented persons in a lawsuit must notify the court in writing within 14 days of any change of address," and "[f]ailure to notify the court in a timely manner of an address change may result in dismissal of the action." Local Civ. R. 83.3.

B.  Analysis

The magistrate judge construes the complaint as invoking constitutional claims for malicious prosecution and fabrication of evidence pursuant to 42 U.S.C. § 1983. See Harris v. Town of Southern Pines, 110 F.4th 633, 639, (4th Cir. 2024) (malicious prosecution cognizable under Fourth Amendment and fabrication of evidence cognizable under Fourteenth Amendment). The magistrate judge recommends dismissal of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and for lack of subject-matter jurisdiction. Upon careful review of the M&R and plaintiff's complaint and objections, the court finds the majority of the magistrate judge's analysis to be thorough and correct. Accordingly, the court adopts the analysis in the M&R as its own with the modification described herein. The court writes separately to augment the analysis of the M&R, in light of plaintiff's objections.

Plaintiff objects to the magistrate judge's conclusion that this court lacks subject matter jurisdiction over his claim for injunctive relief. In his complaint, plaintiff requests that "all charges . . . be dropped against [him] on case number 21 crs 218278." (Compl. (DE 1) at 6). The magistrate judge recommends dismissal of this claim for lack of subject matter jurisdiction pursuant to the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37, 43-44 (1971) ("[C]ourts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law.").

Although the magistrate judge correctly determined that Younger abstention applies to this claim, the doctrine does not deprive the court of jurisdiction. See Nivens v. Gilchrist, 444 F.3d 237, 247 n.7 (4th Cir. 2006) (quoting Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 626 (1986)) ("Younger abstention does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction where

3

particular kinds of state proceedings have already been commenced."). However, "the effect of dismissal on grounds of abstention is the same" as on grounds of subject matter jurisdiction. Id. Further, "when a district court abstains from a case based on Younger, it should typically dismiss the case with prejudice; not on the merits, but instead because the court is denied the equitable discretion to ever reach the merits." Id. at 247 (citation omitted).

Therefore, the court adopts the recommendation to dismiss plaintiff's claim for injunctive relief on the modified grounds that, under Younger, the court must abstain from exercising its jurisdiction. Plaintiff's objection on the ground that "Plaintiff is not being held on the charges of this claim," (Obj. (DE 23) at 1), does not alter this conclusion. The court may not interfere with state court criminal proceedings regardless of whether plaintiff is being held on such charges. Although there are narrow exceptions to Younger, lack of incarceration is not one. See, e.g., Moore v. Sims, 442 U.S. 415, 433 (1979) (quotation omitted) ("Only if extraordinary circumstances render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process."). Plaintiff alleges no facts permitting a reasonable inference that the state court presiding over his criminal case is incapable of fairly and fully adjudicating his federal constitutional claims. Accordingly, the Younger doctrine applies, and plaintiff's claim for injunctive relief is dismissed.

Plaintiff also objects to the magistrate judge's determination that plaintiff failed to plead sufficient facts to state a claim for malicious prosecution or fabrication of evidence. Although plaintiff avers he can plead sufficient facts, he points to no facts in his complaint which the magistrate judge failed to consider. To survive dismissal, plaintiff must allege "sufficient factual matter" to state a plausible claim for relief under the statutes and constitutional provisions asserted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[T]he pleading standard Rule 8 announces . . .

4

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

To state a claim for malicious prosecution, plaintiff must allege that (1) defendants "seized him pursuant to legal process that was not supported by probable cause," and (2) "the criminal proceedings have terminated in his favor." Harris, 110 F.4th at 639 (emphasis and quotation omitted). To state a claim for fabrication of evidence, plaintiff must allege that (1) "officers fabricated or omitted material evidence," (2) "he suffered a loss of liberty," and (3) "the loss of liberty was caused by the fabricated evidence." Id. at 646 n.6.

The magistrate judge correctly determined that the allegations in the complaint are insufficient to state a claim for malicious prosecution or fabrication of evidence. In particular, plaintiff's allegation that the defendant officers "fabricated a criminal case [against plaintiff] by planting evidence and conducting illegal searches and seizures" is conclusory and unsupported by additional facts. (See Compl. (DE 1) at 5). The court therefore adopts the magistrate judge's recommendation to dismiss these claims for failure to state a claim.

Plaintiff's objection also requests "a chance to refile, amend (fix), or re-serve his claim," which the court interprets as a motion for leave to amend. (DE 23 at 1). Although leave to amend should be given freely "when justice so requires," Fed. R. Civ. P. 15(a)(2), it need not be given when such amendment would be futile, Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) ("[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."). Plaintiff has not proposed any factual amendments which would allow an amended complaint to survive futility review. Therefore, plaintiff's motion for leave to amend is denied as futile.

## CONCLUSION

Based on the foregoing, the court hereby ADOPTS the recommendation of the magistrate judge as modified herein, and plaintiff's complaint is DISMISSED pursuant to Younger, 401 U.S. 37, and for failure to state a claim upon which relief can be granted. Additionally, plaintiff's motion for leave to amend is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 27th day of May, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge